## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHELLE DICORTE,            *

      Plaintiff,             *

v.                        *    CASE NO.: 8:21-cv-2582

GOODFELLOWS OF PASCO COUNTY,    *
INC. d/b/a BRASS FLAMINGO,        *

      Defendant.           *

******************************************************************

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.     This action is brought by Plaintiff Michelle DiCorte against Defendant Goodfellows of Pasco County, Inc. d/b/a the Brass Flamingo Gentlemen's Club located at 9034 US-19 Fort Richey, Florida 34668 (hereafter "Brass Flamingo" or "Defendant").

2.     Plaintiff is an adult resident of Tampa, Florida.

3.     Defendant is a corporation formed in the State of Florida that operates as the Brass Flamingo, a strip club featuring female exotic dancers at the address 9034 US-19, Port Richey, Florida 34668.

4.     During the period relevant to this action, Defendant had gross revenue and sales exceeding $500,000.00, sold beer, wine, spidituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise

1

engaged in commerce" under the FLSA.

5.      This Court has personal jurisdiction over Defendant, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated FMWA state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## **FACTS**

6.      Plaintiff was employed by Defendant as an exotic dancer at its Brass Flamingo Gentlemen's Club in Fort Richey, Florida, for the period of about January 2017 through about December 2020.

7.      Following her period of employment, on or about January 11, 2021, Ms. Dicorte, through her counsel, served a letter on Defendant's counsel and Florida Registered Agent identifying and describing a legal claim held by Ms. Dicorte's to be filed against Defendant arising out of alleged violations of the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA") violations.

8.      Following Defendant's receipt of pre-litigation demand letters served by Plaintiff outlining claims by Plaintiff against Defendant under the FLSA and FMWA, Defendant, by and through its owners, managers, and agents, engaged in unlawful retaliation expressly prohibited by the FLSA's anti-retaliation protections.

9.     In retaliation for Plaintiff's asserting claims against Defendant under the FLSA and FMWA, in about January and February 2021, Defendant, through its managers, texted pictures and other descriptive information about Plaintiffs to other local area strip clubs to defame and humiliate Plaintiff and to ensure that Plaintiff would be blackballed and otherwise prevented from working as an exotic dancer at other local strip clubs.

10.     Thereafter, on January 26, 2021, Plaintiff, through counsel, filed suit against Defendant in the United States District Court for the Middle District of Florida (Tampa Division) (styled *Valentin, et al. v. Goodfellows of Pasco County, Inc.*; Case No.:  8:21-cv-00190-VMC-TGW) alleging that Defendant damaged Plaintiff arising out of violations of the minimum wage payment requirements of the FLSA and FMWA and for violations of the FLSA anti-retaliation protections ("the Prior Litigation").

11.     Following a brief period of litigation and participation in a Court-Ordered Mediation, Plaintiff and Defendant agreed to resolve the Prior Litigation.

12.     In resolving the Prior Litigation, in or about May 2021, Plaintiff and Defendant mutually agreed and executed a Settlement Agreement and Release ("the Agreement").

13.     Following the Plaintiff and Defendant's execution of the Agreement, Plaintiff and Defendant jointly filed papers to dismiss the Prior Litigation, with

prejudice.

14.   On May 11, 2021, the United States District Court for the Middle District of Florida dismissed the Prior Litigation, with prejudice.

15.   Pursuant to Section 6 of the Agreement, Defendant "agree[d] that [Plaintiff] will not be retaliated against or otherwise subject to reprisal or adverse employment action arising out of [Plaintiff's] assertion of claims raised [in the Prior Litigation] and resolved by [the Agreement]."

16.   The FLSA provides that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or cased to be instituted any proceeding under [the FLSA]… "  29 U.S.C. § 215(a)(3).

17.   The FMWA provides, "It shall be unlawful for an employer or any other party to discriminate in any manner or take adverse action against any person in retaliation for exercising rights protected pursuant to s. 24, Art. X of the State Constitution. Rights protected include, but are not limited to, the right to file a complaint or inform any person of his or her potential rights pursuant to s. 24, Art. X of the State Constitution and to assist him or her in asserting such rights." FMWA, 448.110(5)

18.   Thereafter, on or about Saturday, September 11, 2021, Plaintiff went to Defendant's Brass Flamingo Gentlemen's Club to work a shift as an exotic

dancer.

19.   Upon arrival, Defendant's manager informed Plaintiff that she could not work the shift at Brass Flamingo and that Plaintiff was not permitted to work at Brass Flamingo.

20.   The reason why Defendant refused to permit Plaintiff to work a shift as an exotic dancer on Saturday, September 11, 2021, was because of Plaintiff's participation in the Prior Litigation and other related protected activity seeking recovery of unpaid wages and damages under the FLSA and FMWA.

21.   The following Monday, September 13, 2021, Plaintiff, through counsel, notified Defendant's attorneys of the retaliatory event on Saturday, September 11, 2021, and therein requested that by or before 5:00 PM on Wednesday, September 15, 2021, Defendant confirm in writing that Plaintiff is permitted to work as an exotic dancer at the Brass Flamingo Gentlemen's Club and will no longer be prevented by Defendant and/or its management from working shifts at the Brass Flamingo Gentlemen's Club.

22.   Neither Defendant nor its legal counsel responded affirmatively to Plaintiff's counsel's September 13, 2021, correspondence.

23.   Following Plaintiff's notice of retaliation, Defendant failed and refused to take affirmative steps to ensure that Plaintiff was not subjected to further retaliation and to confirm that Plaintiff is permitted to work as an exotic dancer at

the Brass Flamingo Gentlemen's Club.

24.   Thereafter, on October 14, 2021, Plaintiff spoke with Defendant's manager Mike and requested permission to work a shift at Defendant's Brass Flamingo Gentlemen's Club.  In response, Mike, on Defendant's behalf, responded that Plaintiff could not and was not permitted to work a shift at the Brass Flamingo Gentlemen's Club.

25.   On October 14, 2021, Plaintiff asked Defendant's manager Mike why she was not permitted to work at Defendant's Brass Flamingo Gentlemen's Club. Defendant's manager Mike responded, on Defendant's behalf, "why would we have you work here after the lawsuit so you need to please leave."

26.   Plaintiff has suffered substantial economic and emotional damages arising out of Defendant's unlawful retaliatory acts in violation of the FLSA and FMWA anti-retaliation protections and in material breach of the anti-retaliation provision of the Agreement.

**<u>RELIEF SOUGHT</u>**

WHEREFORE, Plaintiff, individually and on behalf of those putatively similarly situated, prays for relief as follows:

A. An award of economic and compensatory damages against Defendant in the amount of $250,000.00 to Plaintiff as damages to Plaintiff for economic loss and emotional and other compensatory suffering arising out of Defendant's acts of

unlawful FLSA retaliation as to each Plaintiff.

B.  An award of economic and compensatory damages against Defendant in the amount of $250,000.00 to Plaintiff as damages to Plaintiff for economic loss and emotional and other compensatory suffering arising out of Defendant's acts of unlawful FMWA retaliation as to each Plaintiff.

C.  Damages for Breach of Contract, including consequential damages, in an amount to be determined by a finder of fact.

D.  An award of attorneys' fees and costs to be determined by post-trial petition; and

E.  Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: November 3, 2021

/s/ Charlotte Fernee Kelly

Charlotte F. Kelly, FBN: 90105
Fernee Kelly Law
1228 E. 7th Ave. Ste. 200
Tampa, FL 33605
(813) 315-3981
charlotte@ferneekellylaw.com

Gregg C. Greenberg,
MD Fed. Bar No. 17291
*To be Admitted Pro Hac Vice*
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
GGreenberg@ZAGFirm.com

*Counsel for Plaintiffs and the Class / Collective*